UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ARSENIO L. EATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00173-JMS-MG |
| | ) |
| JOHN PLASSE, | ) |
| DANIKA MITCHELL, | ) |
| WYRICK, | ) |
| HUNTER, | ) |
| WERTMAN, | ) |
| HUYCK, | ) |
| | ) |
| Defendants. | ) |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Arsenio Eaton is a prisoner currently incarcerated at the Vigo County Jail. He filed this civil action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Eaton names several Vigo County Jail defendants in his complaint: Sheriff John Plasse, Danika Mitchell, Wyrick, Hunter, Wertman, and Huyck. Dkt. 1. Mr. Eaton's allegations are sparse, and it appears that he discusses two different unrelated incidents. *Id.*

First, on February 18, 2023, Mr. Eaton was escorted by Officers Wertman and Huyck from the trustee block of the facility to the quarantine block where they searched Mr. Eaton. *Id.* at 1. Mr. Eaton had ripped towels and a food distribution receipt in his possession "which was not removed by staff although they said they consider that unauthorized possession of property." *Id.* Mr. Eaton did not receive a write up for possession of these items though.[1] *Id.*

Second, on March 25, 2023, Mr. Eaton pushed the medical emergency button to assist another inmate who was having chest pain. *Id.* He had to push the button a second time for assistance, and several individuals, including Wyrick, heard the other inmate request to be put on the medical block of the facility. *Id.* Later, however, Mr. Eaton was escorted to solitary confinement "for refusing housing and making threats" to the other inmate, which he states, "was not true." *Id.* He claims he was restricted from sending grievances and ordering indigent kits that included hygiene materials as a result. *Id.* He claims this caused strain to his health and caused him to have a seizure. *Id.* He states that "trying to help another inmate got [him] restricted from

---

[1] The Court summarizes the few details Mr. Eaton included in his complaint about this incident. Mr. Eaton, however, did not make any further allegations related to the search that suggest it was somehow improper or unreasonable.

population, visits, phone calls, chirps, commissary, and it's all due to the inability of staff being properly trained." *Id.*

Mr. Eaton generally states that the defendants have violated his Eighth and Fourteenth Amendment rights and committed "acts of gross negligence, misprision of felony, deliberate indifference, invidious discrimination, and dereliction of duty." *Id.* at 2. He seeks damages for physical injury and emotional and mental trauma. *Id.*

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **dismissed for failure to state a claim** upon which relief may be granted.

Fatal to Mr. Eaton's complaint is that he has not alleged any personal wrongdoing on behalf of any of the named defendants. This is problematic because "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Accordingly, because Mr. Eaton's complaint fails to allege individual liability of any defendant listed, it must be **dismissed for failure to state a claim** upon which relief may be granted.

To the extent that Mr. Eaton attempts to raise state law claims, such claims do not give the Court federal question jurisdiction. *See* 28 U.S.C. § 1331. And because the complaint does not allege that every defendant is not a citizen of Indiana, the Court cannot exercise diversity

jurisdiction over these state law claims. *See* 28 U.S.C. § 1332; *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (explaining that § 1332 requires "complete diversity" except in class action suits). Therefore, the complaint must be **dismissed**.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Eaton to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 9, 2023, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Eaton's copy of this Order.

Any amended complaint should have the proper case number, 2:23-cv-00173-JMS-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely

replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 5/15/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ARSENIO L. EATON
VIGO COUNTY JAIL
600 W. HONEY CREEK DRIVE
TERRE HAUTE, IN 47802